Springer, J.,
dissenting:
The trial court issued an injunction ordering that Ms. Buchanan, a school teacher, be permitted “to bring her training dog to her classroom during working hours.” The legal basis for the injunction is NRS 651.075(1) which makes it “unlawful for a place of public accommodation to . . . refuse admittance or service to a person training” a guide dog.
Assuming that a place of accommodation has the capacity to refuse anything, I find no evidence in this case that any place has refused either “admittance” or “service” to Ms. Buchanan. If we are going to call the Clark County School District a “place,” then this “place” has not refused to provide “service” to Ms. Buchanan and it has not refused “admittance” to any “place of public accommodation.” All the district has done is to tell Ms. Buchanan that, as an employee, she has no right to keep a dog under her desk all day. This is a perfectly permissible condition to put upon Ms. Buchanan’s employment.
*1159 It may be that under NRS 651.050(2)(k) a “private school, university or other place of education” may, under certain circumstances (say a public assembly or athletic event), become a “place of public accommodation”; but certainly, not every nook and cranny and every classroom in every “place of education” is at all times to be deemed a “place of public accommodation.”
It is quite clear to me that the statute in question is intended to apply only to persons who seek admission to public events or seek services that are offered to the public at large. The statute cannot be read to place limits on an employer’s right to prohibit employees from keeping pets with them on the job.
Although at certain times certain locations within Ms. Buchanan’s “place of education” might properly become a “place of public accommodation,” her classroom is not a place of public accommodation. Even if her classroom could be considered a place of public accommodation, Ms. Buchanan has not been denied “admittance” to this place, she has merely, as part of the employer-employee relationship, been told that she could not keep her dog with her during her classroom day.
I think that the trial court was in error when it granted an injunction based on NRS 651.075(1). I would cancel the injunction.